*Saleh v. Garland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand twenty-four.

PRESENT:
> GUIDO CALABRESI,
> BARRINGTON D. PARKER,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

Tarek Youssef Hassan Saleh,

       *Plaintiff-Appellant*,

       v.                                    23-817

US Attorney General Merrick Garland, Attorney General, U.S. Department of Justice, Christopher A. Wray, Director, Federal Bureau of Investigation, Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security, Ur M. Jaddou, Director, U.S. Cititzenship and Immigration Services, District Director Thomas M. Cioppa, District Director, USCIS New York District Office, Susan Quintana, USCIS New York City Field Office Director, Gina Pastore, Brooklyn Field Office Director,

       *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:         TAREK YOUSSEF HASSAN SALEH, *pro se*, Staten Island, NY.

**FOR DEFENDANTS-APPELLEES:** DAVID J. BYERLEY, Trial Attorney, Office of Immigration Litigation, District Court Section (William C. Peachey, Director, Yamileth G. Davila, Acting Deputy Directory, Steven A. Platt, Acting Assistant Director, Sean L. King, Trial Attorney, *on the brief*) *for* Brian M. Boynton, Principal Deputy Assistant Attorney General, U.S. Department of Justice, Civil Division, Washington, D.C.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Tarek Youssef Hassan Saleh, proceeding pro se, appeals the district court's order granting the government's motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"When reviewing the dismissal of a complaint for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo,* accepting all material facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Id*. (quotation marks omitted).

The district court correctly dismissed as moot Saleh's challenge to the denial of his application for naturalization after his application was granted and he took the oath of allegiance,

and became a citizen. This claim became moot once his injury—the denial of his naturalization application—was relieved. *See, e.g.*, *Connecticut Citizens Def. League, Inc. v. Lamont*, 6 F.4th 439, 444 (2d Cir. 2021) ("If, as a result of changed circumstances, a case that presented an actual redressable injury at the time it was filed ceases to involve such an injury, it ceases to fall within a federal court's Article III subject matter jurisdiction and must be dismissed for mootness."). Saleh is now a U.S. citizen, so he cannot claim any particularized future injury that could arise from the government's naturalization procedures. *Cf. Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998) ("A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future."). And Saleh's claims of future injury should he file immigration or naturalization petitions for unnamed siblings or a potential wife are speculative. Without a concrete current or future injury, Saleh's claim for naturalization became moot when he became a citizen.

Saleh argues that the agency's decision to naturalize him is void because his filing of this lawsuit divested the agency of jurisdiction to naturalize him. But nothing in 8 U.S.C. § 1421(c) supports Saleh's claim that the filing of a lawsuit under that section divests the agency of jurisdiction to consider an application for naturalization. To the contrary, once the agency naturalized him, Saleh ceased to be "[a] person whose application for naturalization . . . is denied," § 1421(c). Saleh's naturalization by the agency is not void simply because this action was pending in district court when he became a citizen.

Saleh also sought to have his purportedly void citizenship backdated to the date of the agency's initial denial. Courts cannot naturalize aliens except in accordance with the rules Congress has prescribed. *Fedorenko v. United States*, 449 U.S. 490, 506 (1981); *Hizam v. Kerry*,

747 F.3d 102, 111 (2d Cir. 2014) ("Well-settled case law bars a court from exercising its equity powers to naturalize citizens."). One such rule is that would-be citizens take an oath of allegiance. 8 U.S.C. § 1448(a). Saleh did not take an oath of allegiance when his initial application was denied, so the district court could not have backdated his citizenship to that date because he had not satisfied each of the requirements Congress has prescribed for naturalization. Even assuming such relief were available, we agree with the district court that it was unwarranted here because Saleh faces no extraordinary circumstances because of his allegedly delayed naturalization. *See Edwards v. INS*, 393 F.3d 299, 310-11 (2d Cir. 2004) (holding that "an award of *nunc pro tunc* relief ordinarily be available where agency error would otherwise result in an alien being deprived of the opportunity to seek a particular form of deportation relief"); *see also Xue Yong Zhang v. Holder*, 617 F.3d 650, 667 (2d Cir. 2010) (denying *nunc pro tunc* relief where petitioner failed to establish significant error, undue delay, or misconduct).

Saleh's remaining arguments fail. An apology is seldom an available form of relief, *see, e.g.*, *Birnbaum v. United States*, 588 F.2d 319, 335 (2d Cir. 1978), and Saleh has identified no authority to order the government to apologize for its initial denial of his naturalization application. The district court did not abuse its discretion in denying Saleh leave to amend to add a claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), because Saleh cites no legal authority for extending *Bivens* and does not explain how his Fifth Amendment rights were violated. *See Egbert v. Boule*, 596 U.S. 482, 491 (2022) ("[R]ecognizing a [new] cause of action under *Bivens* is a disfavored judicial activity."); *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) (reviewing denial of leave to amend for abuse of discretion). Finally, because Saleh never filed an amended notice of appeal following the denial

4

of his request for reconsideration and fees, we lack appellate jurisdiction to consider those issues. Fed. R. App. P. 4(a)(4)(B)(ii).

We have considered Saleh's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court